UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SHAW VALE COLEMAN,

        Plaintiff,

v.                                                                    Case No. 3:18-cv-1033-J-34PDB

MICHAEL D. CREWS, et al.,

        Defendants.
_____

## **ORDER OF DISMISSAL WITHOUT PREJUDICE**

Plaintiff Shaw Vale Coleman, an inmate of the Florida penal system, initiated this action on August 24, 2018, by filing a pro se Civil Rights Complaint (Doc. 1; Complaint). Coleman has not paid the filing fee or moved to proceed in forma pauperis. See docket. In his twenty-count Complaint, Coleman sues thirty-seven Defendants for conduct that occurred in August and September of 2012 at Florida State Prison (FSP). Specifically, Coleman asserts claims for excessive use of force, deliberate indifference, failure to protect, failure to intervene, failure to train and supervise, conspiracy to deprive him of his rights, and property destruction or confiscation. See generally Complaint.

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines that the action is frivolous, malicious, or fails to state a claim upon which relief can be granted. See 28 U.S.C. § 1915A. With respect to whether a complaint "fails to state a claim on which relief may be granted," § 1915A mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see

also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In reviewing a pro se plaintiff's pleadings, a court must liberally construe the plaintiff's allegations. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). However, the duty of a court to construe pro se pleadings liberally does not require the court to serve as an attorney for the plaintiff. Freeman v. Sec'y, Dept. of Corr., 679 F. App'x 982, 982 (11th Cir. 2017) (citing GJR Invs., Inc. v. Cty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998)).

A district court may dismiss a prisoner's civil rights complaint as frivolous under § 1915A if it "appear[s] beyond doubt from the complaint itself that [the prisoner] can prove no set of facts" that his claims are timely. Hughes v. Lott, 350 F.3d 1157, 1163 (11th Cir. 2003) (citing Leal v. Ga. Dep't of Corr., 254 F.3d 1276, 1280 (11th Cir. 2001) (per curiam)) (affirming dismissal of a prisoner's claim for property deprivation because it was clear from the face of the complaint that it was untimely). See also Baker v. City of Hollywood, 391 F. App'x 819, 820 (11th Cir. 2010) (per curiam) (affirming the district court's dismissal of plaintiff's complaint for excessive use of force because it was clear that he filed it after the four-year limitations period had run); Ross v. Mickle, 194 F. App'x 742, 744 (11th Cir. 2006) (affirming the district court's dismissal of plaintiff's excessive force claim under the PLRA because it was apparent from the face of the complaint that he filed it beyond the applicable limitations period).

Coleman's Complaint is subject to dismissal under this Court's screening obligation because it is clear from the face of the Complaint that his claims are time-barred. A complaint brought pursuant to § 1983 is governed by the forum state's residual personal injury statute of limitations. Owens v. Okure, 488 U.S. 235, 236 (1989); see also Wallace v. Kato, 549 U.S. 384, 387 (2007). In Florida, a four-year limitations period applies to claims brought pursuant to § 1983. See Chappell v. Rich, 340 F.3d 1279, 1283 (11th Cir. 2003) (per curiam). While the limitations period for a § 1983 claim is governed by the applicable state law, federal law determines when a claim accrues. Mullinax v. McElhenney, 817 F.2d 711, 716 (11th Cir. 1987); see also McGinley v. Mauriello, 682 F. App'x 868, 871 (11th Cir. 2017). Under federal law, actions brought pursuant to § 1983 accrue, or begin to run, "from the date the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." Ross, 194 F. App'x at 744 (quoting Brown v. Ga. Bd. of Pardons & Paroles, 335 F.3d 1259, 1261 (11th Cir. 2003)). For instance, a claim premised on excessive use of force accrues at the time the alleged force was used. See Baker, 391 F. App'x at 821 (recognizing that the plaintiff's excessive force claim accrued on the day of the alleged beating).

Here, Coleman's claims arise out of conduct that occurred in 2012. The last incident Coleman references in his Complaint occurred on September 25, 2012, when he asserts that various officers used excessive force or failed to intervene in the use of excessive force, and medical staff failed to adequately treat his injuries. See Complaint at 8-17. Thus, on September 25, 2012, Coleman knew that his rights had been infringed

and by whom.[1] While Coleman's claims accrued on September 25, 2012, Coleman did not file his Complaint until almost six years later, on August 24, 2018, well beyond the four-year limitations period, which ended on September 25, 2016. Thus, it is clear from the face of his Complaint that his claims arising under § 1983 are time-barred.

To the extent that Coleman's Complaint can be read liberally to suggest that either equitable or statutory tolling should save his claims, he is incorrect. Coleman asserts that he submitted three civil rights complaints to the law library at Santa Rosa Correctional Institution (SRCI)[2] for copying, but two of the three complaints were "l[o]st, misplaced, or stolen," forcing him to seek assistance from a law clerk to "redo [his] civil rights complaints from scratch."[3] See Complaint at 19. Other than to assert that he received his copies after a "deadline" of August 4, 2016, Coleman does not state when he lost his legal documents or for how long. See id. However, he provides a copy of an Inmate Request form, dated October 13, 2016 (Doc. 1-1; Grievance). In the Grievance, he states that he was "in the process of redoing [his] complaints" at that time, and that the loss or destruction of his original copies caused him to miss deadlines, which he says were August 2 and 3, 2016. See Grievance at 2. The SCRI library supervisor responded on October 26, 2016, stating

---

[1] In fact, Coleman alleges that he properly exhausted his administrative remedies, and he cites to thirteen grievances he filed in 2012: 12-6-36336; 12-6-36337; 12-6-35570; 12-6-35571; 12-6-36954; 12-6-37232; 12-6-38014; 12-6-38015; 12-6-38021; 12-6-38019; 12-6-38012; 12-6-38017; 12-6-36136. See Complaint at 38.

[2] Coleman is currently housed at Martin Correctional Institution. See Florida Department of Corrections Website, Offender Search, located at http://www.dc.state.fl.us/offenderSearch/detail.aspx?Page=Detail&DCNumber=623324&TypeSearch=AI (last visited October 10, 2018).

[3] Coleman does not state whether the three civil rights complaints were duplicates or three different complaints. He also does not explain what happened to the third complaint.

as follows: "Records reflect that on 8/4/16 copies were made for a 1983, Notice of Intent along with Exhibit A. You also had a cell front visit with a law clerk on this day." Id.

While the federal law determines when a claim accrues, state law applies with respect to whether any statutory tolling provisions are applicable. Mullinax, 817 F.2d at 716. According to Florida Statutes, only specific enumerated circumstances will toll a limitations period. See Fla. Stat. Ann. § 95.051. None of the circumstances identified in the statute applies to save Plaintiff's claims here. See id.; see also Hernandez v. Jackson Mem'l Hosp., No. 07-20229-CIV, 2007 WL 3343075, at *3 (S.D. Fla. Nov. 8, 2017) ("Florida has a general tolling statute, but it does not toll limitations periods for prisoners.") (citation omitted).

The facts alleged by Coleman also do not permit an inference that he is entitled to equitable tolling. Equitable tolling will save an untimely filing only when a prisoner's filing is delayed "because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." See Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999) (analyzing equitable tolling in the habeas corpus context); Sensi v. Fla. Officers of Court, 737 F. App'x 433, 437 (11th Cir. 2018) (analyzing equitable tolling in the civil rights context). "Equitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs." Salas v. Pierce, 297 F. App'x 874, 877 (11th Cir. 2008) (quoting Wallace, 549 U.S. at 396-98). A party asserting equitable tolling bears the burden of demonstrating that its application is appropriate. Id. Asserting mere excusable neglect is not sufficient to invoke equitable tolling. See Sandvik, 177 F.3d at 1272.

Even if a librarian or law clerk misplaced, lost, or intentionally destroyed Coleman's legal documents, such conduct does not rise to the level of "extraordinary circumstances" sufficient to invoke the rare remedy of equitable tolling. See Dodd v. United States, 365 F.3d 1273, 1283 (11th Cir. 2004) (holding the petitioner failed to demonstrate he acted with due diligence to timely file his federal habeas motion even though he was separated from his legal papers for almost a year when he was transferred to another correctional facility); Akins v. United States, 204 F.3d 1086, 1089 (11th Cir. 2000) (holding petitioner was not entitled to equitable tolling even though he misplaced his legal documents and was in lockdown for periods of time because he offered no explanation for his failure to file his petition either before or after the periods of lockdown or upon the return of his misplaced documents). See also Jackson v. Sec'y, Dept. of Corr., No. 8:14-CV-2928-T-36AEP, 2014 WL 7408345, at *2 (M.D. Fla. Dec. 31, 2014) ("[T]he unavailability of [the petitioner's] legal materials for an unspecified period of time, without more, is not an extraordinary circumstance that would entitle [the petitioner] to equitable tolling.").

Here, Coleman asserts that his legal papers were lost or destroyed for an unspecified duration at about the time when the statute of limitations would have run on his claims—in about August or September of 2016. Courts in this Circuit agree that a prisoner's separation from his legal papers is not an extraordinary circumstance that would permit the application of equitable tolling. See, e.g., Dodd, 365 F.3d at 1283. Even if lost legal papers constitutes an extraordinary circumstance, Coleman asserts no facts to suggest that he acted with due diligence to timely file his claims despite the circumstance. In fact, to the extent Coleman waited until close to the limitations deadline to submit his papers to the law library for copying, his own dilatory actions contributed to

the late filing of his Complaint. See Complaint at 19. Moreover, Coleman provides no explanation as to why it took him two years to redraft his Complaint; he filed his Complaint in September, 2018, more than two years after encountering the potential filing impediment in about August, 2016. Thus, because it is clear from Coleman's Complaint that his claims are time-barred, and because he benefits from neither statutory nor equitable tolling, his Complaint is subject to dismissal.

Accordingly, it is

**ORDERED:**

1. This case is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 15th day of October, 2018.

*[signature]*
MARCIA MORALES HOWARD
United States District Judge

Jax-6
c: Shaw Vale Coleman, #623324